United States District Court
District of Massachusetts

|  |  |
|---|---|
| John Doe, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| Lyons, et al., ) | 23-10894-NMG |
| ) | |
| Defendants. ) | |

### ORDER

**GORTON, J.**

Pending before the Court is a Petition for a Writ of Habeas Corpus Ad Testificandum and an Emergency Motion for a Writ of Habeas Corpus Ad Testificandum or, in the Alternative, Motion for a Temporary Restraining Order filed by John Doe ("plaintiff" or "Doe") on April 26, 2023. The Court convened video-conference hearings on April 26 and 28, 2023, at which counsel for both parties appeared.

Doe initially sought a writ of habeas corpus ad testificandum in connection with a hearing to be held before the Boston Immigration Court on April 27, 2023. That hearing took place as scheduled and this Court is unaware of any further proceedings scheduled to occur in that matter. To the extent Doe requests that this Court issue a writ ad testificandum compelling the Boston Immigration Court to convene an accessible bond hearing, the Court concludes there would be "no basis" to do so.

See Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 38 (1985) ("no basis in the habeas corpus statute for the District Court's authority to direct a writ ad testificandum to a noncustodian"). The petition for a writ of habeas corpus ad testificandum (Docket No. 1) is, therefore, **DENIED without prejudice**.

In the alternative, plaintiff seeks a temporary restraining order ("TRO") with respect to alleged violations of Section 504 of the Rehabilitation Act by the Boston Immigration Court. See 29 U.S.C. § 794(a). Doe asserts that the policies and actions of the Boston Immigration Court, including the denial of his motion for an in-person bond hearing, violate the Rehabilitation Act. The Court finds that Doe has not established a likelihood of success on the merits and the issuance of a TRO is, therefore, unwarranted. See Jean v. Mass. State Police, 492 F.3d 24, 27 (1st Cir. 2007). In particular, Doe has not demonstrated, on the available record, a likelihood of proving that the accommodation he seeks would entail a "reasonable" rather than a "fundamental" or "substantial" alteration to the provision of bond hearings by the Boston Immigration Court. See Alexander v. Choate, 469 U.S. 287, 300 (1985). Nor is the Court convinced that an in-person bond hearing, rather than, e.g., Doe's participation in a video conference from a neutral site, is necessary to assure him "meaningful access". Id. at 302. Thus, the motion for a TRO (Docket No. 3) is **DENIED without prejudice**.

Furthermore, this case was initially brought as a habeas petition <u>and</u> as a civil action under the Administrative Procedure Act (5 U.S.C. § 706). Although the Court will allow plaintiff's claim for a violation of the Rehabilitation Act to proceed under appropriate circumstances, Doe must first: 1) address the filing fee for a civil action by paying such fee or submitting an <u>in forma pauperis</u> application for waiver thereof, and 2) file a complaint (rather than a "Preliminary Statement") which clearly sets forth his civil claim(s) against the responsible defendant(s).

Plaintiff has also filed a Motion to Proceed Pseudonymously (Docket No. 7). He avers that he is currently in protective custody due to threats from other inmates and would face violent retribution if he were forced to proceed without anonymity. <u>See Doe v. Mass. Inst. of Tech.</u>, 46 F.4th 61, 71 (1st Cir. 2022) (recognizing that pseudonym status may be warranted where the movant "reasonably fears that coming out of the shadows will cause him unusually severe harm"). The motion to proceed pseudonymously is, for the time being, **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: May 9, 2023